IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JESUS MIGUEL CASTANEDA, § § *Plaintiff,* § § v. § § BRADZOIL, INC., § § *Defendant.* § | CASE NO. 1:20-cv-1039 JURY TRIAL REQUESTED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

NOW COMES Plaintiff, Jesus Miguel Castaneda, complaining of Defendant, Bradzoil, Inc., and files this Plaintiff's Original Complaint alleging the following:

### I. Nature of the Case

1. Plaintiff, Jesus Miguel Castaneda, brings this action under the Families First Coronavirus Response Act (FFCRA), Pub. L. No. 116-127, 134 Stat. 178 (2020), for the unlawful employment practices committed by Defendant, Bradzoil, Inc., against Plaintiff by interfering with Plaintiff's paid leave and by terminating Plaintiff's employment for taking paid leave.

### II. Parties and Service of Process

2. Plaintiff is an individual who resides in the Western District of Texas.

3.Defendant, Bradzoil, Inc., does business in the Western District of Texas and may be served with process by serving its registered agent, Richard P Cancilla, 128 State Hwy 46, Seguin, Texas 78155.

### III. Jurisdiction & Venue

4.This Court has jurisdiction over this suit because Castaneda's causes of action arise under federal law, *i.e.*, the FFCRA. Venue is proper in the Western District of Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Texas.

### IV. Factual Background

5.Jesus Miguel Castaneda worked as Assistant Manager for Bradzoil at its oil change business in Schertz, Texas, having been there over eight years. Because of the COVID-19 pandemic, schools in Texas shuttered in-person learning in the spring of 2020 and instituted remote learning from home for school-aged children. Castaneda has three children who attend school and require supervision at home. No one else was available to care for Castaneda's children.

6.Castaneda discovered that a federal law had been passed that allowed a parent, like Castaneda, to receive paid leave to stay home and supervise his children while they continued remote-learning education. Notably, Castaneda did not learn about his legal rights from his employer because Bradzoil failed to post the Employee Rights poster on April 1, 2020, as required by the United States Department of Labor, nor did Bradzoil text or e-mail employees about the new law.

7.On April 7, 2020, Castaneda communicated with his manager and asked for paid leave under this new federal law and informed his manager of the situation

with his children's school closures. This agitated his manager, who told Castaneda to "keep your mouth shut" and to not bother corporate with his request for paid leave. When his manager failed to grant paid leave, Castaneda sent his request to corporate HR. Even then, Bradzoil dragged its feet concerning the leave and Castaneda was forced to use a week of his accrued vacation time caring for his children at home. On April 17, Castaneda finally received paperwork from Bradzoil. He completed the paperwork, assembled all the necessary documentation from the schools, and provided it all to Bradzoil on April 23.

8. The next day, April 24, Castaneda went to pick up his paycheck when all the other employees received their checks. But the Company did not have a paycheck for Castaneda. He was told it would be mailed to him. Later that evening he was told to return to work the next day to pick up his check. When he arrived on April 25, his manager handed him his check and then said, "You have a damage claim and you are terminated." The manager gave no specifics about the purported damage claim.

9. Just two days after presenting paperwork requesting paid leave, Bradzoil fired Castaneda and gave him a bogus excuse for his discharge.

## V. Causes of Action

10. The FFCRA includes the Emergency Paid Sick Leave Act (EPSLA), which provides for paid sick leave for COVID-19-related reasons with enforcement provisions through the Fair Labor Standards Act (FLSA), and the Emergency Family and Medical Leave Expansion Act (EFMLEA), which provides expanded paid medical

leave for COVID-19-related reasons by expanding the FMLA. Castaneda alleges violations of the EPSLA and EFMLEA and, by extension, the FLSA and FMLA.

***Violations of the EPSLA***

11. The EPSLA entitles certain employees to take up to two weeks of paid sick leave. The EPSLA requires employers to provide paid sick leave to employees who are unable to work for reasons having to do with COVID-19 including, but not limited to, where the employee is caring for his daughters whose school has been closed due to COVID-19 related reasons. 29 CFR 826.20(a)(1)(v).

12. The EPSLA also requires employers to "post and keep posted on its premises, in conspicuous places a notice explaining the FFCRA's paid leave provisions and providing information concerning the procedures for filing complaints of violations of the FFCRA with the Wage and Hour Division." 29 CFR § 826.80.

13. The EPSLA prohibits an employer "from discharging, disciplining, or discriminating against any Employee because such Employee took Paid Sick Leave under the EPSLA." 29 CFR §826.150(a). "An Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217." 29 CFR 826.150(b).

14. Castaneda engaged in protected activity when he sought paid leave to care for his daughters because of the COVID-19-related school closures.

15. Bradzoil violated the EPSLA when it failed to post notice on April 1 of employees' rights under the FFRCA, forced Castaneda to use almost 40 hours of

accrued paid leave before receiving leave under the EPSLA, and terminated Castaneda's employment.

16. The timing between Castaneda's protected activity and his termination are very close. The person who terminated Castaneda, his manager, was both aware of Castaneda's protected activity and exhibited a negative attitude toward Castaneda's request for paid sick leave. While Castaneda was on vacation leave, his manager conjured up a way to get rid of him. The "damage claim" asserted by the manager as the reason for Castaneda's termination is bogus. Further, there have been several employees with "damage claims" who were not fired by the manager, so Bradzoil does not uniformly enforce its policies, which warrants an inference of retaliation involving this decision to terminate.

17. Bradzoil discharged Castaneda because of his protected activity, which caused him damages.

*Violations of the EFMLEA*

18. The EFMLEA amends the FMLA to entitle certain employees to 12 weeks of leave per year "because of a qualifying need related to a public health emergency." 29 U.S.C. 2612(a)(1)(F). An employee has such a qualifying need if "the employee is unable to work (or telework) due to a need for leave to care for the son or daughter under 18 years of age of such employee if the school or place of care has been closed…due to a public health emergency." *Id*. at § 2620(a)(2)(A). The requisite "public health emergency" must be related to COVID-19. *Id*. at § 2620(a)(2)(B).

19. The EFMLEA prohibits the same employer conduct as the FMLA. The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the

exercise of or the attempt to exercise any right under the EFMLEA, or discharge or otherwise discriminate against an individual for opposing any practice made unlawful by the EFMLEA.

20. Bradzoil is an "employer" as that term is defined under the FMLA. Bradzoil had 50 or more employees working within 75 miles of the Castaneda's worksite.

21. Castaneda is an "eligible employee" within the meaning of the FMLA in that he was employed by Bradzoil for at least 12 months and for at least 1,250 hours of service during the previous 12-month period.

22. Bradzoil intentionally interfered with and/or denied the exercise of rights provided under the FMLA/EFMLEA by failing to provide proper notices to Castaneda, and by discharging Castaneda.

23. Bradzoil violated both Castaneda's prescriptive and proscriptive rights under the FMLA by the actions described above and by retaliating against him for exercising his rights under the EFMLEA.

24. Bradzoil acted willfully in violating his rights under the FMLA/EFMLEA.

## VI. Damages

25. As a result of the above, Castaneda has lost past and future wages and benefits of employment. Castaneda has also suffered compensatory damages in the past and will likely suffer compensatory damages in the future because of Bradzoil's conduct.

26. Plaintiff seeks the recovery of liquidated damages under the FMLA and

FLSA.

## VII. <u>Attorneys' Fees</u>

27.     Castaneda has also had to employ attorneys to vindicate his rights under the law, and therefore, he seeks reasonable and necessary attorneys' fees and costs under the FMLA and FLSA.

## VIII. <u>Demand for Jury Trial</u>

28.     Castaneda hereby respectfully demands a trial by jury of all claims and issues in this cause.

WHEREFORE, Plaintiff, Jesus Miguel Castaneda, respectfully requests that the Court issue citation for Defendant, Bradzoil, Inc., to appear and answer, and that upon final trial, Plaintiff have and recover a judgment against Defendant for all actual damages suffered and/or incurred by Plaintiff, for pre-judgment and post-judgment interest at the highest rates allowed by law, for court costs, attorneys' fees, liquidated damages, and for all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Joel S. Shields
Michael L. Scanes
State Bar No. 17701000
E-mail: scanes@scanesrouth.com
Joel S. Shields
State Bar No. 24041907
E-mail: shields@scanesrouth.com

SCANES & ROUTH, LLP
7901 Fish Pond Road, Suite 200
P. O. Box 20965
Waco, Texas 76702-0965
(254) 399-8788
(254) 399-8780 (FAX)

ATTORNEYS FOR PLAINTIFF