**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JESUS MIGUEL CASTANEDA** | § | |
| | § | |
| **V.** | § | **1:20-cv-1039-RP** |
| | § | |
| **BRADZOIL, INC.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss or Transfer for Improper Venue (Dkt. No. 5), and Plaintiff's Response (Dkt. No. 6). The District Court referred the above motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Court Rules.

## I. BACKGROUND

Plaintiff Jesus Miguel Castaneda filed his Original Complaint on October 9, 2020, in this court, asserting federal question jurisdiction. Castaneda sues his former employer, Bradzoil, Inc., where he worked as an Assistant Manager at its oil change business in Schertz, Texas. He alleges violations of the Families First Coronavirus Response Act (FFCRA), Pub. L. No. 116-127, 134 Stat. 178 (2020), for adverse employment actions he asserts were taken against him for requesting paid leave to care for his minor children while they were engaged in remote learning. Defendant Bradzoil, Inc, asserts that venue is improper in the Austin Division of the Western District of Texas, and moves to dismiss the suit, or transfer it to the San Antonio Division of the court, where it asserts venue is proper.

## II. LEGAL STANDARD

A party may move to dismiss based on improper venue pursuant to Rule 12(b)(3).  FED. R. CIV. P. 12(b)(3). Once a defendant challenges venue, the burden of proof is on the plaintiff to establish that venue is proper in the district. *Slyce Acquisitions Inc. v. Syte – Visual Conceptions Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019) . If venue is improper, the Court has broad discretion to dismiss the case, or in the interest of justice, transfer the case to any district where venue is proper. 28 U.S.C. § 1406(a); *Caldwell v. Palmetto State Savs. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). If there is no evidentiary hearing, a plaintiff carries its burden by presenting facts that, taken as true, would establish venue. *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 719 (W.D. Tex. 2013); *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F.App'x 612, 615 (5th Cir. 2007) (per curiam) (citations omitted). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

## III. ANALYSIS

Bradzoil argues that venue is improper in the Austin Division of this court and the case should be dismissed or transferred to the San Antonio Division. Bradzoil points out that the claims that form the basis of Castaneda's claims occurred in Schertz, Texas, which is located in Guadalupe, Bexar, and Comal counties, Castenada resides in Guadalupe County, and all of these counties are in the San Antonio Division.  Accordingly, Bradzoil argues, venue is proper in the San Antonio Division of the Western District of Texas.  Castaneda responds that the general venue statute, 28

U.S.C. § 1391, speaks only of "districts" and not "divisions," and that under § 1391 if venue is proper in the Western District of Texas, he may properly file his case in any division of the Western District. Other than contending that the venue statute permits him to file the case here, Castaneda offers no evidence that his claims have any connection to the Austin Division.

While Castaneda is correct that the general venue statute speaks only in terms of districts and not divisions, his argument ignores the well-settled law that a district court in a district comprised of multiple divisions has broad latitude to transfer a case brought in one division of the court to another in the interest of justice. Specifically, the change of venue statute provides "[t]he district court of a district in which is filed a case laying venue in the wrong *division* or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or *division* in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Castaneda claims that Austin is not the "wrong" division because § 1391 allows him to file suit in any division of this district. But this ignores the plain language of § 1406(a), and would render the reference to "division" in that statute meaningless.[1] Thus, the fact that venue is proper in any division of this court does not mean that the Court may not transfer the case to a more appropriate division, something the Court has broad discretion to do. Indeed, to transfer a case under § 1406(a), "it is enough simply that the court thinks transfer is in the interest of justice." 14D C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3811.

---

[1] The Court is aware that a number of courts have suggested that the reference to "division" in § 1406(a) is a relic of the divisional venue concept that was repealed in 1988. *See, e.g.,* Dkt. No. 179 at 3 n.2, in *City of El Cenizo v State of Texas*, No. 5:17-cv-404-OG (W.D. Tex. Aug. 15, 2017). That may well be the case, but the fact that Congress has left § 1406(a) unchanged in the 33 years since the repeal of the divisional venue statute suggests that the Court is not free to ignore the language.

The current case has no connection to the Austin Division of this court. All of the events related to Castaneda's employment and termination occurred in the San Antonio Division, the Bradzoil at which Castaneda worked is located there, and Castaneda resides there. Accordingly, in the interest of justice, the Court finds this case should be transferred to the San Antonio Division of the Western District of Texas.

## IV.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss or Transfer for Improper Venue (Dkt. No. 5) and **TRANSFER** this case to the San Antonio Division of the Western District of Texas. The Clerk is directed to remove this case from the undersigned's docket and return it to the docket of the Honorable Robert Pitman.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C) (2006); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Lisson v. O'Hare*, 326 F. App'x 259, 260 (5th Cir. 2009).

4

SIGNED this 13th day of April, 2021.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE